581 So.2d 993 (1991)
Earl Joseph THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00776.
District Court of Appeal of Florida, Second District.
June 28, 1991.
*994 Geoffrey A. Foster, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia Ann Ash, Asst. Atty. Gen., Miami, for appellee.
THREADGILL, Judge.
Earl Joseph Thomas was convicted by a jury of tampering with evidence, a third-degree felony, and resisting arrest without violence, a first-degree misdemeanor. He contends that the trial court erred in admitting a hearsay statement into evidence and in denying his motion for judgment of acquittal on the tampering charge. We agree and reverse.
On July 11, 1988, the Lake Wales Police Department received an anonymous phone call that there were drugs behind a mirror at Reed's Place, a bar and restaurant in Lake Wales. Officers immediately went to the bar and searched behind the mirrors, but found no drugs. Later that day at about 5:00 p.m. they received a second phone call from the same anonymous tipster who described two men in the bar as being in possession of drugs. Four uniformed officers left immediately to investigate. The tipster had described each man by what he was wearing. He described the appellant as wearing a red, black, and white shorts outfit with drugs concealed in the front of his shorts.
The officers entered the bar and approached the appellant. One of them reached out to pat a bulge at the top of the shorts. The appellant told him that it was only marijuana, reached in, grabbed a plastic bag containing brown material, threw it, and tried to run. Police were unable to locate the bag.
We find that the appellant's motion for judgment of acquittal on the tampering charge should have been granted. Our decision in Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990) is controlling. Boice held that the defendant's act of tossing a small bag of cocaine away from his person while in the presence of arresting officers did not rise to the level of conduct which constitutes concealment or removal of something for the purpose of impairing its availability for trial.[1] 560 So.2d at 1384.
We do not find persuasive the state's attempt to distinguish Boice on the ground that the bag thrown by the appellant was never found. Our decision in Boice does not pivot upon a defendant's successful removal or concealment of physical evidence, but on the type of conduct the legislature intended to criminalize under the tampering statute. Boice threw contraband out the window of his car, whereas the appellant threw alleged contraband within the bar where he was arrested. Mere chance guided the discovery of the Boice evidence, while chance or an intervening agency prevented its discovery in the appellant's case. As we noted in Boice, if an act such as the appellant's constitutes tampering, then a nineteen year-old who threw a beer can from his car when being stopped by police would commit both the second-degree misdemeanor of possession of alcoholic beverages,[2] and the third-degree felony of tampering with evidence. We do not think that is what was intended by the legislature in enacting section 918.13. We therefore reverse the appellant's conviction for tampering with evidence.
*995 Furthermore, we find that the trial court erred in admitting a tape recording of the anonymous tip into evidence at trial. The trial court found that the recording was admissible under the business records exception to the hearsay rule pursuant to section 90.803(6)(a), Florida Statutes (1987). Although a report of the Lake Wales Police Department may constitute a business record if it complies with the requirements of the exception, a hearsay statement contained within the report must itself fall within a hearsay exception to be admissible. Harris v. Game and Fresh Water Fish Commission, 495 So.2d 806, 809 (Fla. 1st DCA 1986). Therefore, as the anonymous tip did not fall within any recognized exception to the hearsay rule, it should not have been admitted into evidence for the truth of the matter asserted. To compound the error the state in closing argument argued the truth of the tip by telling the jury that
[s]ome person called in giving a description of a couple of guys at this bar with drugs. The officers go there, they find him ... Regardless of whoever this anonymous tipster was, regardless of what other information was given from the anonymous caller, we can look at that and everything was right where it was supposed to be.
As a result of the admission of the informant's hearsay statement, the appellant was unable to cross-examine the informant as to the truth of his assertion that someone resembling the appellant was in possession of drugs. The state failed to carry its burden to show that there is no reasonable possibility that the hearsay affected the verdict; therefore, the admission of the tape recording was reversible error. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). See also Bauer v. State, 528 So.2d 6 (Fla. 2d DCA 1988).
In summary, we reverse the appellant's conviction for tampering with evidence with instructions that a judgment of acquittal be entered on that charge. We reverse his conviction for resisting arrest without violence and remand for a new trial.
We do not reach the appellant's sentencing guidelines issue in light of our decision in this appeal.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.
NOTES
[1] Section 918.13, Florida Statutes (1987): (1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall: (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation; ...
[2] Section 562.111, Fla. Stat. (1987).