590 So.2d 982 (1991)
Robert Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-994.
District Court of Appeal of Florida, First District.
December 3, 1991.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Robert Lee Jones has appealed from his conviction of tampering with evidence, contrary to section 918.13(1)(a), Florida Statutes (1989). We reverse.
*983 A police officer, patrolling a motel known for drug transactions, observed Jones emerge from a motel room carrying a piece of brown paper on which appeared to be cocaine. The officer ordered Jones to hand the paper to him, and Jones stuffed his hand in his pocket. The officer grabbed his arm, and the two tumbled into some bushes. No brown paper or drugs were thereafter found, either on the ground or on Jones' person.
Jones was subsequently charged with tampering with evidence, contrary to section 918.13(1)(a). The section provides that no person, knowing that a criminal trial or proceeding or an investigation is pending or is about to be instituted, shall alter, destroy, conceal, or remove any thing with the purpose to impair its availability in such proceeding or investigation. Jones was also charged with resisting an officer without violence, contrary to section 843.02. The foregoing facts were adduced at trial, where no motions for acquittal were made. The jury convicted Jones of both charges on February 1, 1991.
Rule 3.380(c), Florida Rules of Criminal Procedure, permits the filing of a motion for judgment of acquittal after a jury verdict of guilty within 7 days, or "such further time as the court may allow." On February 7, 1991, Jones' counsel filed a motion for acquittal, alleging generally that "the evidence presented by the state is insufficient to warrant conviction." At the February 19, 1991 sentencing proceeding, the trial court permitted Jones to renew the motion based on Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990).
Boice held that the act of tossing away a small bag of cocaine in the presence of arresting officers did not "rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability for the criminal trial." Boice at 1384. The trial judge stated only that he did not agree with Boice, and denied the motion. He sentenced Jones to 5 years on the tampering charge, and 1 year on the charge of resisting arrest. Jones, who challenges only the tampering conviction, argues that, under Boice, his motion should have been granted. The state responds only that the sufficiency of the evidence to convict was not properly presented to the trial court, so that Jones' argument was not preserved for appeal. We disagree.
Under Rule 3.380, the trial court could properly accept the motion for judgment of acquittal made at sentencing on February 19, 1991. Further, although the initial motion was couched in general terms, the specific ground that Jones' conduct did not legally constitute tampering was argued to the trial court at sentencing, and rejected. Therefore, the state's contention that Jones cannot properly make his argument on appeal is without merit.
Turning to the issue before us, we agree that Jones' conviction of tampering must be reversed, and a judgment of acquittal entered. In Boice, the defendant tossed cocaine out of his car window when police moved in to arrest him; the cocaine was recovered. The court held that this act was not intended by the legislature to constitute tampering under section 918.13. It noted that otherwise, should a 19-year old toss a beer can from his car as he was being stopped by police, the individual could be charged, not only with the second-degree misdemeanor of possession of alcoholic beverages, but the third-degree felony of tampering. It held that "[w]e do not believe that the legislature intended an additional felony under such circumstances." Boice at 1385.
Boice was clarified in Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991). In Thomas, the defendant tossed away a bag of marijuana when police approached him, but unlike Boice, and as in the instant case, the discarded contraband was never recovered. The Thomas court nevertheless held Boice controlling, finding that it did not "pivot upon a defendant's successful removal or concealment of physical evidence, but on the type of conduct the legislature intended to criminalize under the tampering statute." Thomas at 994.
The facts of this case are indistinguishable from those set forth in Thomas. An officer approached Jones to obtain what *984 appeared to be cocaine. Jones immediately put his hand in his pocket, but the act of keeping the drug on his person cannot be said to "impair its availability for trial." § 918.13, Fla. Stat. (1989). The two then fell to the ground, and no drugs could thereafter be found. Assuming that Jones tossed away cocaine during the fall, under Boice and Thomas, this conduct does not rise to the level contemplated by section 918.13.
We therefore reverse Jones' conviction for tampering with evidence, with instructions that a judgment of acquittal be entered on that charge. Jones does not appeal his conviction and sentence for resisting arrest without violence, which conviction and sentence shall not be affected by this opinion.
Reversed and remanded.
SHIVERS and ZEHMER, JJ., concur.