632 So.2d 276 (1994)
Harvey McKENZIE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0628.
District Court of Appeal of Florida, Fourth District.
February 23, 1994.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Defendant appeals his conviction for tampering with evidence, arguing that testimony that he swallowed a substance which appeared to be rock cocaine was insufficient proof of the offense. We affirm.
Police officers observed defendant sitting on a bicycle at an intersection, holding open his hand which contained five or six rocktype objects which the officers believed to be cocaine. They were approximately the size of baby aspirin. One of the officers identified himself and told defendant he was under arrest for possession of cocaine. Defendant ran and was observed by the officers placing the substance in his mouth, chewing and swallowing. The officers caught the defendant and ordered him to expel it from his mouth. He continued chewing and swallowing. One of the officers observed white foam both inside and outside defendant's mouth which was consistent with consumption of *277 cocaine, but they could not recover any of the substance.
Defendant was convicted of tampering with evidence, a third degree felony under section 918.13(1)(a), Florida Statutes (1991), which provided:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.
Although neither side has cited any case in which the precise issue of whether swallowing and thus destroying a substance is tampering with evidence, we have no trouble concluding that it is.
Defendant relies on a line of cases in which the defendant has discarded the evidence or the evidence has become lost while defendant was being arrested, however the cases are distinguishable.
In Boice v. State, 560 So.2d 1383 (Fla. 2d DCA 1990), the defendant purchased a rock of cocaine from an undercover police officer, and when he was subsequently surrounded by officers, threw the cocaine out of his car window. One of the officers retrieved it. The second district reversed his conviction for tampering with evidence, reasoning that merely tossing a bag of cocaine away while in the presence of arresting officers would not constitute a violation of the statute.
In Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991), the same court came to the same conclusion, notwithstanding that the police never found the bag which was discarded by defendant in a bar where he was arrested. The court reasoned whether or not a defendant under these circumstances violates a statute should not hinge on the mere chance that the evidence is found or not found after the defendant has discarded it.
In Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991), a police officer, observing a motel known for drug transactions, saw defendant emerge from a room with a piece of brown paper on which there appeared to be cocaine. Defendant resisted arrest and in the ensuing tussle between the officer and defendant the paper and its contents were lost in some bushes. The first district reversed defendant's conviction for tampering with evidence, finding the case indistinguishable from Thomas.
While we need not decide whether discarding evidence which is never found, as occurred in Jones and Thomas, would violate the statute, we have no difficulty in determining that swallowing the evidence does violate the statute. Swallowing a substance such as this surely constitutes an intent to "alter, destroy, conceal, or remove" as clear as any act could, including flushing it down a toilet.
Defendant argues in the alternative that the state failed to prove that what the defendant swallowed was evidence. The statute prohibiting tampering is not limited to contraband, but on the contrary applies to any "thing," and accordingly we cannot agree with the defendant that the proof here was insufficient in that regard.
Affirmed.
DELL, C.J., and ANSTEAD, J., concur.