647 So.2d 294 (1994)
The STATE of Florida, Appellant,
v.
Darrel JENNINGS, Appellee.
No. 94-617.
District Court of Appeal of Florida, Third District.
December 14, 1994.
Robert A. Butterworth, Atty. Gen., and Lucrecia R. Diaz, Asst. Atty. Gen., for appellant.
*295 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellee.
Before BASKIN, JORGENSON and GERSTEN, JJ.
PER CURIAM.
The State appeals the dismissal of a charge of tampering with physical evidence in violation of section 918.13, Florida Statutes (1993). The charge was dismissed pursuant to Fla.R.Crim.P. 3.190(c)(4), and the State did not contest the underlying facts. We affirm.
According to the undisputed facts, the defendant was observed holding what law enforcement officers believed was a marijuana cigarette. As one of the officers approached the defendant, the officer also saw what appeared to be loose cocaine rocks in the defendant's palm. When the officer shouted "police," the defendant put the alleged cocaine rocks into his mouth and swallowed. The defendant was then arrested but the objects he swallowed were never recovered.
The trial court found the facts were insufficient to establish that the defendant's conduct violated section 918.13. That section provides:
918.13. Tampering with or fabricating physical evidence
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.
The State argues that the defendant's actions were an attempt to alter or impair the availability of the evidence.
The defendant in this case did not tamper with evidence because he was neither under arrest nor did he know that a law enforcement officer was about to instigate an investigation. The defendant was not under arrest because the officer had not even reached the defendant before he put the alleged cocaine rocks in his mouth. Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991); Thomas v. State, 581 So.2d 993 (Fla. 2d DCA 1991); see also, Brown v. State, 575 So.2d 1360 (Fla.3d DCA 1991) ("Once the officer had taken the evidence into his custody, the defendant was not entitled to remove it."). Additionally, shouting "police," without more, was insufficient to put the defendant on notice that an investigation was about to be instigated. Cf. Hayes v. State, 634 So.2d 1153 (Fla. 4th DCA) (defendant convicted of tampering with evidence when he dropped baggie containing crack cocaine in a drainage outlet while being pursued by police), rev. denied, 645 So.2d 452 (Fla. 1994). To the extent our decision conflicts with Hayes, we certify conflict to the Florida Supreme Court.
The time of arrest distinguishes this case from two others where our sister courts have determined that defendants who attempted to swallow alleged cocaine rocks after their arrest had committed the crime of tampering with evidence. McKenzie v. State, 632 So.2d 276, 277 (Fla.4th DCA 1994); McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994).
We affirm the dismissal of the tampering with evidence charge but certify any conflict with Hayes to the Florida Supreme Court.
AFFIRMED.