660 So.2d 763 (1995)
Jackie FORCHIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-480.
District Court of Appeal of Florida, Third District.
September 6, 1995.
Rehearing Denied October 11, 1995.
*764 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
PER CURIAM.
Jackie Forchin appeals an order revoking his probation based upon his alleged commission of tampering with physical evidence while on probation and failure to report to his probation officer as directed. Based upon this court's decision of State v. Jennings, 647 So.2d 294 (Fla. 3d DCA 1994), rev. granted, 659 So.2d 1089 (Fla. 1995), we find that the tampering charge could not legally serve as a basis for the revocation but Forchin's willful failure to report as directed could. Accordingly, we affirm.
Forchin was placed on probation in 1993 following a conviction for possession of a controlled substance.[1] As a special condition of probation, the court ordered that he receive drug treatment on an outpatient basis. While Forchin was still on probation, the State filed an affidavit alleging that Forchin had committed the criminal offense of tampering with physical evidence on or about November 10, 1994 and that Forchin failed to report to his probation officer two days earlier on November 8, 1994 for a referral to an outpatient drug program.
The State's evidence in support of the tampering charge was essentially that several police officers observed Forchin exchange money for a small plastic bag containing a white substance while Forchin stood in an enclosed bus bench. As Forchin walked away from the bus bench toward a grassy median in the street, two officers got out of unmarked cars and identified themselves as police to Forchin. Forchin then swallowed the plastic bag containing the white substance. After a brief struggle wherein the officers were unsuccessful in their attempts to get Forchin to expel the plastic bag, Forchin was arrested for tampering with physical evidence and resisting arrest without violence.[2]
Under virtually indistinguishable facts, this court in State v. Jennings, held that a criminal *765 defendant had not tampered with evidence when he swallowed cocaine rocks after an officer shouted "police" where the defendant was neither under arrest at the time nor did he know that a law enforcement officer was about to instigate an investigation. As in Jennings, Forchin was neither under arrest nor did he know that the officers were investigating him when he swallowed the plastic bag containing the white substance. Thus, as a matter of law, we find that the tampering charge could not serve as a basis for the revocation of Forchin's probation.
As to Forchin's failure to present himself to his probation officer on November 8, we do find that the greater weight of the evidence supported the trial court's determination that Forchin's conduct was willful and substantial in nature to support the revocation. Green v. State, 620 So.2d 1126, 1129 (Fla. 1st DCA 1993); Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). The probation officer had given Forchin the opportunity to appear on any date from November 1st through November 8th. Forchin telephoned his probation officer on November 1st with an excuse for his non-appearance on that date. There was no evidence that Forchin thereafter ever attempted to appear before his probation officer from November 1st through the 8th. Although Forchin testified below that a heavy rainstorm precluded his appearance on the 8th, the trial court rejected this contention when it noted that the weather had not precluded the probation officer from being present in the office on that date. Since there is ample evidence in the record to support these findings, the trial court's resolution of the evidence will not be disturbed on appeal. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Guerra, 455 So.2d 1046, 1048 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 114 (Fla. 1985); State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983).
Affirmed.
NOTES
[1] Forchin was also sentenced to serve 364 days in jail.
[2] Prior to the probation violation hearing, Forchin was tried by a jury both on the tampering charge and on a charge of resisting an officer without violence. The jury failed to reached a verdict on the tampering charge but acquitted Forchin on the resisting charge.