ALLEN, Judge.
The appellant challenges his conviction for grand theft of an automobile. He argues that his post-trial motion for judgment of acquittal should have been granted because the state did not prove that a written demand for return of the leased automobile was made, as required by section 812.014(3), Florida Statutes (1993). We agree and reverse.
*570 Section 812.014(3), a subsection of the theft statute, provides:
(3)Failure to comply with the terms of a lease when the lease is for a term of 1 year or longer shall iiot constitute a violation of this section unless demand for the return of the property leased has been made in writing and the lessee has failed to return the property within 7 days of his receipt of the demand for return of the property. A demand mailed by certified or registered mail, evidenced by return receipt, to the last known address of the lessee shall be deemed sufficient and equivalent to the demand having been received by the lessee, whether such demand shall be returned undelivered or not.
Although the appellant contends that this subsection sets forth a statutory element to be proven by the state, we conclude that the portion of this subsection preceding the word “unless” prescribes a defense to the crime of theft. The general rule for determining whether a statutory exception is an element of a statutory offense or a defense was set forth in Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), as follows:
... In a statutory offense, it depends very much, though not exclusively, on the words of the statute, whether a particular matter is one of defense, or whether the negative of the matter enters into the definition of the crime. Therefore, as a general rule, we have what has already been laid down, namely, ‘if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or a subsequent statute, that is a matter of defense, and is to be shown by the other party.’
26 Fla. at 75, 7 So. at 372 (quoting Bishop 1 Criminal Procedure § 639); see also State v. Thompson, 390 So.2d 715, 716 (Fla.1980). Here, the exception is not in the enacting clause. It is set forth in a subsequent subsection of the statute. And nothing in subsection (1) or (2) of 812.014 suggests that the lack of an exception is an element of the offense. The opening portion of section 812.014(3) therefore prescribes a defense. Thompson, 390 So.2d at 716; compare State v. Robarge, 450 So.2d 855 (Fla.1984).
The state properly concedes that the portion of the subsection beginning with the word “unless” sets forth a matter in avoidance. Therefore, even though the 812.014(3) defense might be established by the evidence in a prosecution for theft, it could still be avoided by the state proving beyond a reasonable doubt that written demand in compliance with the statute was submitted and that the property was not returned within the specified time.
Testimony presented at trial revealed that this case grew out of the appellant’s alleged failure to comply with the terms of a multi-year lease of the automobile. In the absence of evidence to the contrary, this testimony established the 812.014(3) defense. Thus, the state bore the burden of proving the nonexistence of the defense beyond a reasonable doubt. Collett v. State, 676 So.2d 1046 (Fla. 1st DCA 1996); Wright v. State, 442 So.2d 1058, 1060 (Fla. 1st DCA 1983), rev. denied, 450 So.2d 489 (Fla.1984). But the state presented no evidence inconsistent with the defense. Although there was evidence of a letter submitted to the appellant by the lessor of the automobile, it fell well short of compliance with the written demand specified by 812.014(3). Accordingly, upon proper motion, the appellant was entitled to judgment of acquittal.
The state argues that the appellant was not entitled to rely upon the 812.014(3) defense because the lease contract gave the appellant a purchase option. But the purchase option did not change the nature of the contract for purposes of the 812.014(3) defense.
The state also argues that the appellant was not entitled to rely upon the defense because he did not assert the defense at trial. Although it is true that the appellant first asserted the defense in his post-trial motion for judgment of acquittal, Florida Rule of Criminal Procedure 3.380(c) provides that a motion for judgment of acquittal “may be made or renewed within 10 days after reception of the verdict and the jury is discharged or such further time as the court may allow.” *571 (Emphasis added.) Because the posttrial motion for judgment of acquittal in this case was timely under the rule, we conclude that the defense was not waived.
Nevertheless, we note that although the “made or renewed” language has been part of rule 3.380(c) for over two decades, only one Florida decision, Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991), disapproved on other grounds, State v. Jennings, 666 So.2d 131 (Fla.1995), has been cited in support of the proposition that a ground for judgment of acquittal may be asserted for the first time in a post-trial motion pursuant to rule 3.380(c). We therefore certify to the supreme court the following question of great public importance:
MAY A GROUND FOR JUDGMENT OF ACQUITTAL BE ASSERTED FOR THE FIRST TIME IN A POST-TRIAL MOTION PURSUANT TO RULE 3.380(c)?
The appellant’s conviction is reversed, and this ease is remanded with instructions that the appellant be discharged.
WEBSTER and LAWRENCE, JJ., concur.