GRIMES, Justice.
We have for review Forchin v. State, 660 So.2d 763 (Fla. 3d DCA 1995), which expressly and directly conflicts with our opinion in State v. Jennings, 666 So.2d 131 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Jackie Forchin was charged with violation of probation based on allegations that he had committed the criminal offense of tampering with physical evidence[1] and that he had failed to report to his probation officer. The trial court revoked Forchin’s probation on both grounds. However, the district court of appeal found that the facts supporting the tampering charge[2] were virtually indistinguishable from those in State v. Jennings, 647 So.2d 294 (Fla. 3d DCA 1994), wherein that court had affirmed the dismissal of a tampering charge. Based on its decision in Jennings, the court concluded that the tampering charge could not legally serve as a basis for Forchin’s probation revocation. The court nevertheless affirmed the trial court’s revocation order, finding that there was ample evidence in the record to support the trial court’s finding that Forchin’s failure to report was willful and substantial in nature. Forchin, 660 So.2d at 765.
This Court subsequently quashed the dis- *821 triet court of appeal’s decision in Jennings.[3] Jennings, 666 So.2d 131. Accordingly, we disapprove that portion of the decision below insofar as it holds that the tampering charge could not serve as a basis for revoking For-chin’s probation. In Jennings, we remanded for further proceedings because the trial court had held as a matter of law that tampering could not be proven. There is no need for a remand in this case because the trial court had already determined that For-ehin had committed the offense of tampering, thereby implicitly finding that Forchin knew an investigation was imminent.
In view of the fact that we have sustained the revocation of Forchin’s probation upon proof of the tampering charge, we need not address Forchin’s cross-appeal, which asserts that the less serious ground of failure to report to his probation officer was not proven.
We approve the result of the decision below but disapprove its rationale.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.

. § 918.13, Fla. Stat. (1993).

. In its opinion, the court below stated:
The State's evidence in support of the tampering charge was essentially that several police officers observed Forchin exchange money for a small plastic bag containing a white substance while Forchin stood in an enclosed bus bench. As Forchin walked away from the bus bench toward a grassy median in the street, two officers got out of unmarked cars and identified themselves as police to Forchin. Forchin then swallowed the plastic bag containing the white substance.
Forchin v. State, 660 So.2d 763, 764 (Fla. 3d DCA 1995).

. We held that for purposes of section 918.13, a trier of fact would not be precluded from finding that Jennings knew an investigation was about to be instituted when he swallowed what appeared to be rock cocaine as he was apprehended by an officer shouting "police.” State v. Jennings, 666 So.2d 131 (Fla. 1995).