694 So.2d 731 (1997)
STATE of Florida, Petitioner,
v.
Sammy STEVENS, Respondent.
No. 88890.
Supreme Court of Florida.
May 15, 1997.
*732 Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Criminal Appeals and Mark C. Menser, Assistant Attorney General, Tallahassee, for Petitioner.
Leo A. Thomas of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Respondent.
WELLS, Justice.
We have for review a decision addressing the following question certified to be of great public importance:
MAY A GROUND FOR JUDGMENT OF ACQUITTAL BE ASSERTED FOR THE FIRST TIME IN A POST-TRIAL MOTION PURSUANT TO RULE 3.380(c)?
Stevens v. State, 680 So.2d 569, 571 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision of the district court.
On April 23, 1993, Stevens signed a lease/purchase contract with Visone Corvette in Atlanta for a 1986 Corvette. Stevens gave Visone Corvette two checks, one for $2000 and one for $5000. Visone Corvette subsequently sold this contract to First City Acceptance Corporation (First City). The checks were each presented for payment twice: the first check was returned for insufficient funds the first time but was paid the second time; and the second check was returned for insufficient funds both times. During discussions with the creditor, the car was involved in an automobile accident. The car was taken to a repair shop, where it sat awaiting the resolution of a dispute over insurance coverage. After First City sent Stevens a default letter, it located the car at the repair shop and repossessed the car upon repair.
Stevens was charged by information with grand theft of an automobile and grand theft of money for the second check. § 812.014(2)(c)(1), (4), Fla. Stat. (1991). A jury trial was held, and at the close of the State's evidence, Stevens' motion for judgment of acquittal on the charge of grand theft of money was granted. On the charge of grand theft of an automobile, Stevens argued that there was no criminal intent and that, if there was, the crime occurred in Atlanta. The trial court denied the motion. At the close of all of the evidence, Stevens' renewed motion for judgment of acquittal on the intent issue was denied. The jury returned a verdict of guilty on that charge. In a posttrial motion for judgment of acquittal, Stevens claimed that the motion should be granted because the State failed to prove that the creditor had complied with the requirements of section 812.014(3), Florida Statutes (1991),[1] under which there is no violation of the theft statute when there is a lease for one year or longer unless a written demand for the property is made. The trial court denied the motion, finding sufficient evidence presented for the jury to conclude that Stevens possessed the requisite intent.
On appeal, the First District Court of Appeal reversed the conviction. Stevens v. State, 680 So.2d 569 (Fla. 1st DCA 1996). The court found that section 812.014(3), Florida Statutes, sets forth a matter in avoidance which was established by the evidence that Stevens failed to comply with the terms of a multi-year lease. Id. at 570. As a result, the State then bore the burden of proving the nonexistence of the defense beyond a reasonable doubt. Id. Since the State did not present any evidence inconsistent with the defense, the court held that Stevens was *733 entitled to a judgment of acquittal.[2] The court then determined that Stevens did not waive this defense by first raising this claim in his posttrial motion for judgment of acquittal. The court looked to the language of Florida Rule of Criminal Procedure 3.380(c), which states that a motion for judgment of acquittal may be made or renewed within ten days after reception of the verdict, and found that since the motion here was timely filed, then the defense was not waived. The court then certified the foregoing question.
We answer the certified question in the affirmative and hold that under rule 3.380, a ground for judgment of acquittal may be raised for the first time in a posttrial motion. The plain language of rule 3.380 allows a defendant to raise the grounds for a motion for judgment of acquittal at three separate times: at the close of the State's evidence; at the close of all the evidence; and within ten days after the jury has rendered its verdict. See Fla. R.Crim. P. 3.380(a), (c). The plain language of rule 3.380(c) reads:
(c) Renewal. If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within 10 days after the reception of a verdict and the jury is discharged or such further time as the court may allow.
(Emphasis added.) Thus, the plain language of the rule allows a defendant to make a postjudgment motion for acquittal within the time limits set forth in the rule. See Jones v. State, 590 So.2d 982 (Fla. 1st DCA 1991), disapproved on other grounds, State v. Jennings, 666 So.2d 131 (Fla.1995).
Moreover, our conclusion will further the interests of justice in Florida. Our interpretation of the rule provides a procedural mechanism through which a substantive error can be corrected within the time allowed for this motion. Empowering a trial court with the ability to enter a judgment of acquittal when it is of the opinion that the evidence is insufficient to warrant a conviction upon motion under the requirements of rule 3.380(c) will thus promote judicial economy.[3]
We do note that the title of rule 3.380(c), "Renewal," is in apparent conflict with the "made or renewed" language within the rule itself. We bring this matter to the attention of The Florida Bar Criminal Procedure Rules Committee and request that the committee propose an amendment to the rule.
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court below.[4]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Subdivision (3) of section 812.014(3), Florida Statutes ("Theft") provides:

(3) Failure to comply with the terms of a lease when the lease is for a term of 1 year or longer shall not constitute a violation of this section unless demand for the return of the property leased has been made in writing and the lessee has failed to return the property within 7 days of his receipt of the demand for return of the property. A demand mailed by certified or registered mail, evidenced by return receipt, to the last known address of the lessee shall be deemed sufficient and equivalent to the demand having been received by the lessee, whether such demand shall be returned undelivered or not.
[2] As well, the district court found that the inclusion of a purchase option in the lease contract did not change the nature of the contract for purposes of the defense in section 812.014(3), Florida Statutes. Stevens, 680 So.2d at 570.
[3] Any such ruling granting a motion for judgment of acquittal after a jury verdict is appealable by the State. See § 924.07(1)(j), Fla. Stat. (1991).
[4] We decline to address any of the other issues raised by the parties.