ALTENBERND, Acting Chief Judge.
Dennis Campbell appeals a judgment convicting him of unlawful sexual activity with a person 16 or 17 years of age. Mr. Campbell argues that his victim’s disabilities of nonage were removed when she was sentenced as an adult for a felony and placed under the supervision of the Department of Corrections. See § 743.066, Fla. Stat. (1997). As a result, he contends he cannot be convicted of this crime because his victim had the disabilities of nonage removed before the date on which he committed the offense. See § 794.05(2), Fla. Stat. (1997). We affirm the conviction.
Mr. Campbell, when over 40 years old, began a relationship with the victim, who was then approximately 13 years old. In August 1997, when the victim was 16, she conceived Mr. Campbell’s child. She testified that she had consented to the sexual relationship. The child was born in April 1998. As a result of these events, the trial court convicted Mr. Campbell of unlawful sexual activity with a person 16 or 17 years of age and sentenced him to eight years’ imprisonment.[1]
*1206 Section 794.05(2) states that the prohibitions against sexual activity with a minor do not apply to a 16- or 17-year-old “who has had the disabilities of nonage removed under chapter 743.”[2] Chapter 743, Florida Statutes (1997), addresses numerous methods by which one or more of the disabilities of nonage can be removed. Two of these sections provide for emancipation— that is, the removal of all disabilities of nonage. See § 743.01, Fla. Stat. (1997) (allowing for emancipation through marriage); § 743.015, Fla. Stat. (1997) (allowing for emancipation by court order). Neither of these provisions applies in this case.
The remaining sections of chapter 743 permit the removal of one or a limited number of disabilities of nonage to accomplish a particular purpose. See, e.g., § 743.05, Fla. Stat. (1997) (allowing minors to contract to borrow funds for educational purposes). Section 743.066, Florida Statutes (1997), the provision at issue here, removes the disability of nonage of a minor adjudicated as an adult and “in the custody or under the supervision of’ the Department of Corrections “as such disability relates to health care services, except in regard to medical services relating to abortion and sterilization.” This provision is obviously intended to avoid potentially dangerous delays that could arise if the Department of Corrections were required to obtain consent from the parents of incarcerated minors before providing essential medical treatment. This specific disability of nonage would appear to be reinstated when the juvenile is released from the custody or supervision of the Department.
The purpose of section 794.05, the statute Mr. Campbell is accused of violating, is to protect minors from sexual activity. The statute recognizes a minor’s questionable capacity to consent when faced with the sexual advances of a person aged 24 years or older. We recognize that subsection (2) of section 794.05 does not identify specific sections of chapter 743 when describing the exceptions to this crime. However, section 794.05(2) does refer to the “disabilities of nonage” — it does not say “a disability” or “some disabilities” of nonage. As a result, the statute specifically excepts only those minors who have been emancipated, not those who have received an incidental power or authority under chapter 743 for a defined and specific purpose. It would be absurd to read section 794.05(2), for example, to remove the protections of the statute from a 17-year-old minor who had done something as obscure as donating blood. See § 743.06, Fla. Stat. (1997). The legislature could not have intended such a result.
Mr. Campbell’s victim became entitled, at least temporarily, to make her own medical decisions as a result of her adjudication as a felon. This did not remove from her the protection provided by section 794.05.
Affirmed.
BLUE and FULMER, JJ., Concur.

. Even though Mr. Campbell had no prior record, this sentence was within the recommended range of the sentencing guidelines. The length of this sentence was determined in great part by the imposition of 80 victim injury points for sexual penetration. See §§ 921.001 l(7)(b)(l), .0014(l)(a), Fla. Stat. (1997). It is also noteworthy that, prior to sentencing, this couple had another child. The second child was conceived after the victim's eighteenth birthday, but during a time when Mr. Campbell’s bail provisions apparently prohibited contact with the victim. The birth of the second child did not affect sentencing. As a result of this sentence, this teenage mother will receive no support from Mr. Campbell while he is in prison. Although Mr. Campbell’s conduct is unquestionably criminal, the legislature might wish to consider whether the mandatory imposition of victim injury points, and the resulting loss of child support, may punish the children along *1206 with their father. It is possible that some other form of punishment might be a better deterrent.

. The quoted language was added to the statute by chapter 96-409, Laws of Florida.