866 So.2d 1270 (2004)
James HODGE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3515.
District Court of Appeal of Florida, Fourth District.
March 10, 2004.
*1271 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
OFTEDAL, RICHARD L., Associate Judge.
James Hodge appeals his conviction for sexual activity by a person twenty-four or older with a person sixteen or seventeen years of age. We affirm and write to address two issues.
Hodge contends that the trial court improperly denied his motion for judgment of acquittal, arguing that the State failed to prove that the seventeen-year-old victim had not had the disabilities of nonage removed. Appellant was found to have violated section 794.05, Florida Statutes (2000), which provides in pertinent part:
(1) A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree....
(2) The provisions of this section do not apply to a person 16 or 17 years of age who has had the disabilities of nonage removed under chapter 743.
Hodge unsuccessfully argued to the trial judge that subsection (2) above is an element of the offense to be proven by the State beyond a reasonable doubt. In denying his motion for judgment of acquittal, the court ruled that the disabilities of nonage exception was an affirmative defense.
Determining whether the disabilities of nonage exception is an element of the crime to be negated by the State or is in the nature of a defense, requiring the defendant to come forward with evidence, is *1272 an issue of law subject to de novo review. See McCann v. Walker, 852 So.2d 366, 368 (Fla. 5th DCA 2003)(questions of law are reviewed de novo).
Because the subsection in question is an exception to the crime, Campbell v. State, 771 So.2d 1205, 1206 (Fla. 2d DCA 2000), review denied, 786 So.2d 578 (Fla. 2001), we must look to its placement in the wording of the statute. If the exception appears in the enacting clause, the burden lies with the State to prove that the defendant is not within the exception; but, if the exception is contained in a subsequent clause or statute, that is a matter of defense requiring the defendant to put forth some evidence in support thereof. Only then does the burden shift to the State, requiring it to disprove the defense beyond a reasonable doubt. See State v. Thompson, 390 So.2d 715, 716 (Fla.1980); Stevens v. State, 680 So.2d 569, 570 (Fla. 1st DCA 1996)(holding that an exception to the theft statute was a defense to the crime as it was not set forth in the enacting clause, but in a subsequent subsection of the statute), aff'd, 694 So.2d 731 (Fla.1997).
Here, the exception is not in the enacting clause but is contained in a subsequent subsection of the statute. Nowhere else in the statute is there any suggestion that the removal of the disabilities of nonage exception was intended to be an element of the crime. It was, therefore, a defense. Since Hodge presented no evidence that the minor victim had the disabilities of nonage removed at the time of the offense, he was not entitled to a judgment of acquittal.
Hodge also alleges error in the trial judge's refusal to submit to the jury proposed instructions that would have required the State to prove that he knew the victim was underage and that he acted with criminal intent.[1] Whether or not the statute defines a strict liability crime is a question of legislative intent. See Chicone v. State, 684 So.2d 736, 741 (Fla.1996)(reiterating that "since the legislature is vested with the authority to define the elements of a crime, determining whether scienter is an essential element of a statutory crime is a question of legislative intent"). Where the statute is silent on the issue of scienter, the recent trend is to read a guilty knowledge requirement into the law, at least in felony cases. Id.; see also Giorgetti v. State, 821 So.2d 417, 420-21 (Fla. 4th DCA 2002), review granted, 837 So.2d 412 (Fla.2003).
Turning to the statute in question, the legislature left no doubt as to its intention that this offense be treated as a strict liability crime for which the State was not required to prove criminal scienter on the part of Hodge. Section 794.021, Florida Statutes (2000), unequivocally provides that ignorance or mistake of the victim's age is not a defense to the crime for which Hodge was charged:
When, in this chapter, the criminality of conduct depends upon the victim's being below a certain specified age, ignorance of the age is no defense. Neither shall misrepresentation of age by such person nor a bona fide belief that such person is over the specified age be a defense.
*1273 Our holding that section 794.05 is a strict liability crime is supported by earlier caselaw finding that crimes against underage persons fall "`within the category of crimes in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act ... and proof of an intent is not indispensable to conviction.'" State v. Sorakrai, 543 So.2d 294, 295 (Fla. 2d DCA 1989)(quoting Simmons v. State, 151 Fla. 778, 10 So.2d 436, 438 (1942), and stating that ignorance or mistake as to age is no defense to a defendant charged with committing a lewd and lascivious act upon a child under the age of sixteen years); see also Grady v. State, 701 So.2d 1181 (Fla. 5th DCA 1997)(defendant's knowledge that the person he procured for prostitution was under eighteen is irrelevant); Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA 1990)(defendant's ignorance of victim's age not a defense for defendant charged with use of a child in a sexual performance).
Accordingly, because we find that the charged offense is a strict liability offense in which the State has an interest in protecting underage persons from being sexually battered or exploited, Hodge could not defend on his lack of criminal intent or mistake of age. The trial judge correctly denied Hodge's request to instruct the jury to the contrary.
AFFIRMED.
POLEN and GROSS, JJ., concur.
NOTES
[1] Defense counsel sought the following special jury instructions, which were rejected by the trial judge:

Before you can find James Hodge guilty, the State must prove that James Hodge knew that [the victim] was 16 or 17 years of age....
Before you can find James Hodge guilty, the State must prove that James Hodge acted with criminal intent. To act with criminal intent means to intentionally do an act the law forbids.