944 So.2d 1233 (2006)
Trevor H. KOY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-899.
District Court of Appeal of Florida, Second District.
December 22, 2006.
*1234 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Trevor Koy appeals his convictions and sentences for possession of marijuana and maintaining a structure for the use or sale of controlled substances. We affirm the conviction for possession of marijuana without further comment. However, because the State failed to prove that Koy maintained his residence for the purpose of using, selling, or keeping illicit drugs, we reverse Koy's conviction on that charge.
Koy was charged with possession of marijuana, possession of drug paraphernalia, maintaining a structure for the use or sale of controlled substances, possession of codeine, and possession of diazepam. At trial, the evidence established that the police executed a search warrant at Koy's residence. The basis for the search warrant was never disclosed to the jury. During the search, officers found a Sure Fire Aspirin bottle in Koy's medicine cabinet. This bottle contained several different pills, which were subsequently identified as being one hydrocodone tablet, three Alprazolam tablets, six acetaminophen tablets, one Amoxicillin tablet, one Amoxicillin capsule, one furosemide tablet, and one unidentified tablet. In the kitchen, officers found a meat scale, a digital scale, and a Farberware scale. In the living room, officers found loose tobacco, rolling papers, and the butt end of a single smoked marijuana cigarette. Detective Edward Mingus testified that the only illicit drugs found in the residence were the marijuana joint, one hydrocodone pill, and three Alprazolam tablets.
Detective Mingus also testified to a conversation he had with Koy as the search was being conducted. During that conversation, Koy told Mingus, "You know I don't have the dope here, you know I am not like a big dope dealer." Koy also said, "You know I like to smoke up sometimes. . . . I will sell a dime bag if I have it, but I ain't making no money. I barely pay the rent."
On January 11, 2006, the jury returned its verdict finding Koy guilty of possession of marijuana and maintaining a structure for the use or sale of controlled substances and finding him not guilty on the remaining counts. Upon return of the verdict, the trial court scheduled sentencing for January 13, 2006. On January 13, the trial court sentenced Koy to 364 days in jail on each count with the sentences to run concurrently. On January 19, 2006, Koy filed a written motion for judgment of acquittal on the charge of maintaining a structure for the use or sale of controlled substances, arguing that the evidence was insufficient to establish that he had maintained his residence for these purposes. The trial court denied this motion. Koy then filed this appeal, contending that the trial court erred in denying his motion for judgment of acquittal.
Initially, the State contends that Koy's motion for judgment of acquittal was untimely filed and therefore insufficient to preserve the issue for review. The State also contends that Koy's argument concerning the sufficiency of the evidence was waived because it was not made at the close of the State's case. We disagree with the State on both points. Florida Rule of Criminal Procedure 3.380(c), which *1235 deals with motions for judgments of acquittal, states:
If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion [for judgment of acquittal] may be made or renewed within 10 days after the reception of a verdict and the jury is discharged or such further time as the court may allow.
Fla. R.Crim. P. 3.380(c). In State v. Stevens, 694 So.2d 731, 733 (Fla.1997), the supreme court looked at the plain language of rule 3.380(c) and held that "a ground for judgment of acquittal may be raised for the first time in a posttrial motion." Thus, contrary to the State's assertion, Koy's failure to make a motion for judgment of acquittal on these grounds at the close of the State's case or at the close of all evidence does not preclude him from raising the issue by motion filed within ten days of the reception of the verdict, as he did in this case.
In addition, nothing in rule 3.380(c) prohibits a defendant from making a posttrial motion for judgment of acquittal after sentencing as long as the motion is made within ten days after the reception of the verdict. While the State contends that Koy's sentencing cut off his right to file a motion pursuant to rule 3.380(c), the rule is silent on this point and the State has pointed to no authority for its position. We refuse to read into the rule a limitation that does not exist in its text. Accordingly, under the plain language of the rule, Koy's timely posttrial motion for judgment of acquittal was sufficient to preserve the issue for review.
Turning to the merits of Koy's argument, we agree that the State's evidence was insufficient to support a conviction for maintaining a structure for the use or sale of controlled substances under section 893.13(7)(a)(5), Florida Statutes (2004). That section reads:
(7)(a) It is unlawful for any person:
* * * *
5. To keep or maintain any . . . dwelling, building, . . . or other structure or place which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter.
§ 893.13(7)(a)(5), Fla. Stat. (2004). This section is commonly referred to as a "crack house" statute, and the essence of the offense is not the drug activity itself, but the maintenance of the dwelling or other structure for the purpose of using, keeping, or selling controlled substances. Ashley v. State, 925 So.2d 1117, 1120 (Fla. 5th DCA 2006); cf. State v. De La Llana, 693 So.2d 1075 (Fla. 2d DCA 1997) (finding section 893.13(7)(a)(5) constitutional as applied to one who managed a bar where cocaine was openly used and sold). Thus, this statute does not apply to every property where drugs are used. Instead, there must be proof that the property was maintained for the illicit purposes identified in the statute and that the activity took place at the defendant's direction or with his consent. Ashley, 925 So.2d at 1120.
We have found only two reported cases dealing with the application of section 893.13(7)(a)(5), neither of which addresses either the "purpose" element of the crime or the quantum of evidence needed to sustain a conviction. However, under the comparable federal statute, 21 U.S.C. § 856(a)(1), federal courts have held that the government must prove that the defendant (1) knowingly (2) operated or maintained a place (3) for the purpose of manufacturing, distributing, or using any controlled substance. United States v. Clavis, 956 F.2d 1079, 1090 (11th Cir. 1992). In interpreting the "purpose" element, the Eleventh Circuit held that it *1236 contemplates "continuity in pursuit of the alleged objectives; that is, the manufacture, distribution or use of controlled substances. . . . Thus, an isolated instance of drug use or distribution or manufacture is not sufficient to constitute a violation of this statute." Id.
In this case, the State's evidence was insufficient to prove that the charged crime was committed. While Koy does not dispute that he had control over the residence, the evidence presented by the State does not establish that Koy maintained or kept the residence for the purpose of using, keeping, or selling controlled substances. While the State did present sufficient evidence to establish that Koy occasionally used drugs himself and occasionally sold small amounts of marijuana, the State presented no evidence that this activity took place at Koy's residence. Moreover, the existence of a single partially smoked marijuana cigarette proves nothing more than an isolated instance of drug use. Thus, even considered in the light most favorable to the State, the evidence presented was legally insufficient to establish that Koy maintained his residence for the purpose of using or selling controlled substances in violation of section 893.13(7)(a)(5).
Because the State's evidence was legally insufficient to support a conviction for maintaining a structure for the use or sale of controlled substances, the trial court erred in denying Koy's posttrial motion for judgment of acquittal. Accordingly, we reverse Koy's conviction and sentence on that charge.
Affirmed in part; reversed in part.
NORTHCUTT and LaROSE, JJ., Concur.