575 So.2d 699 (1991)
British ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2820.
District Court of Appeal of Florida, First District.
February 6, 1991.
Rehearing Denied March 27, 1991.
*700 Barbara M. Linthicum, Public Defender, Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his convictions for sexual battery and aggravated assault raising several issues, only one of which merits extensive discussion. Appellant argues, among other things, that the trial court erred in applying Florida's Rape Shield Law, section 794.022, Florida Statutes (1987), precluding him from presenting reputation evidence that the sexual battery victim was a prostitute. Finding no reversible error, we affirm.
The victim testified that about one and one-half hours before the alleged rape incident, she had seen appellant in the area in a blue two-door sports car with two other males. She stated that they stopped her and her girl friend, and offered them money for sex, but the victim and her friend declined. According to the victim, appellant then called them names and threatened sexual engagement. Later, according to the victim, during the early morning of March 16, 1989, while she was walking home on a wooded path, appellant attacked and raped her. Then appellant beat her in the face again with his fist. The victim suffered bruises over her right eye, the left cheek and over the right upper lip. She also had a loose tooth.
The victim testified that she had had sex with a close friend earlier in the preceding *701 evening, March 15th. She also admitted that she had an alcohol problem, and a crack cocaine problem for which she had been treated at a rehabilitation center. During cross-examination, defense counsel asked: "How did you support yourself with these addictions?" The state objected on the grounds of relevancy, and the court sustained the objection. Defense counsel then asked: "[Victim's name] have you ever prostituted... ." The prosecutor immediately objected on the grounds of irrelevancy, but the court overruled the objection, and instructed the witness to answer. The victim then answered in the negative, that she had never prostituted herself. The following colloquy then occurred:
DEFENSE COUNSEL: Now, Judge, may we approach the bench, please?
THE COURT: No. Go ahead.
DEFENSE COUNSEL: Judge, my concern is that at this point, I need to inquire of her as to the amount of money that was spent on particular aspects of her addiction and how she came to have that much money.
PROSECUTOR: Your Honor, I will object to that as just being irrelevant to the issues before the court.
DEFENSE COUNSEL: It goes to the impeachment of the fact that she 
THE COURT: Objection, sustained.
The state presented, among others, the testimony of Investigator Towle, who stated that when he interviewed the appellant at 2:30 A.M. on March 16, 1989, appellant stated that he had had sex with the victim at 4:30 P.M. on the preceding evening, March 15th, and that she wanted money in return for the sex, but he refused to pay her. Appellant stated to the investigator that he had last seen the victim at 4:30 on the preceding evening, that he did not rape the victim, and did not hit her. He further denied that the red shirt found in the car was his (the victim had identified her attacker as wearing a red shirt), and had no explanation how he received the scratches on his face.
After the state rested its case, the state, relying on section 794.022,[1] moved in limine to prohibit appellant from introducing testimony relating to specific instances of prior consensual sexual activity between the victim and others, or reputation evidence concerning the victim's reputation for prostitution.
In response, appellant argued, among other things, that consent was "the issue" of the sexual battery count, and that it would be appellant's testimony that he paid the victim for the sex that occurred. Relying on the statute, the court granted the motion in limine. The following exchange then occurred:
DEFENSE COUNSEL: Well, the state is seeking  And to be honest, Judge, I'm not planning on parading six people in here 
THE COURT: You are not going to parade any.
DEFENSE COUNSEL: I know. But I had no intention of doing that. But the essence of [sic] testimony is simply that this is what happened.
THE COURT: He can testify. And she has testified. But I'm not going to go into any other acts that she may have been involved in or any reputation she may have of any kind.
DEFENSE COUNSEL: That's fine.
THE COURT: All right. He can testify about what he knows.
DEFENSE COUNSEL: Yes, sir.

*702 THE COURT: Not what he has heard but what he knows.
DEFENSE COUNSEL: Let me note my objection for the record, Judge.
During appellant's testimony at the trial, he admitted that he did meet the victim on the night of March 15, and that he talked to her, and told her that he had $5.00. Appellant testified that a few months previously, he had paid the victim $3.00 for oral sex. He testified that at the time of the incident in question, he told the victim he had $5.00, whereupon the victim stated: "Okay, let's go." Appellant stated that he then had intercourse with the victim, after which an exchange occurred over payment. According to the appellant, the victim ripped his shirt, and he then hit the victim once, hard, with a closed fist. Upon leaving the scene, according to appellant, he scratched his face on a tree branch. He further stated that when the police informed him that he was being charged with rape, he was surprised, denied raping the victim, and because he was afraid, he also denied hitting the victim as well.
On appeal, appellant contends that the trial court's ruling on the state's motion in limine unconstitutionally deprived him of the opportunity to present evidence regarding the victim's reputation as a prostitute, which was critical to his defense.[2] Appellant directs our attention to certain language found in Roberts v. State, 510 So.2d 885 (Fla. 1987), as supporting his claim of admissibility. In Roberts, the court held that evidence of the victim's prostitution for an escort service was properly ruled inadmissible under the Rape Shield Law. Roberts' defense was not consent; instead, Roberts maintained that he did not have sexual relations with the victim. However, as appellant correctly points out, the court recognized that this testimony would likely be relevant to a defense of consent. The court stated:
We recognize that if application of Florida's Rape Shield Law interfered with Roberts' confrontation rights or otherwise operated to preclude Roberts from presenting a full and fair defense, the statute would have to give way to these constitutional rights. See Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).
Id. at 892. The court then concluded that under the circumstances of the case, exclusion of the evidence did not impermissibly limit Roberts' ability to present a full and fair defense.
A defendant's right to confront and cross-examine witnesses and to call witnesses in his own behalf are essential to due process. Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). A statute prohibiting evidence of a certain class, even if for the worthy purpose of preventing witnesses from suffering humiliation on the stand, may not limit the Sixth Amendment right to confrontation guaranteed all defendants. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (shield law designed to preserve anonymity of juvenile defender set aside when it ran afoul of defendant's right of confrontation  defendant should have been permitted to show bias of state's crucial witness by eliciting testimony concerning witness's juvenile record). In Davis, the United States Supreme Court balanced the defendant's right of confrontation against the state's policy of protecting the record of a juvenile offender and determined that under the circumstances of that case, the shield law should yield.
We agree with appellant's basic premise that evidence of prostitution may well have a bearing on the issue of consent where the defendant's defense is that the sexual encounter which he had with the victim was in connection with an act of prostitution. Roberts v. State, 510 So.2d at 892; State v. Jenkins, 456 So.2d 174 (La. App. 2d Cir.1984); State ex rel. Pope v. Superior Court, 113 Ariz. 22, 545 P.2d 946, 94 A.L.R.3d 246 (1976). Should a defendant *703 make a sufficient showing through an offer of proof on the record, or by other appropriate means, that the evidence of prostitution bears materially on the issue of consent, and that without the opportunity to elicit that evidence the defendant's ability to present a defense will be critically hampered, then the trial court should engage in a balancing test to weigh the probative value of the evidence against the unfair prejudice to the victim and the state's case to determine if it should be admitted. The trial court's decision will be reviewed using an abuse of discretion standard. See, e.g., State ex rel. Pope v. Superior Court, supra, and Holloway v. State, 695 S.W.2d 112 (Tex. App. 2d Dist. 1985).
Having considered the trial court's ruling on the state's motion in limine in the light of the foregoing discussion, we are nevertheless of the view that reversible error did not occur in this case. We first note that appellant failed to proffer the evidence he sought to elicit. It is clear from the colloquy between the court and counsel that appellant did not seek to offer evidence of specific prior acts of prostitution. We presume, based upon the wording of the state's motion, that the court's ruling excluded, as a general category, evidence dealing with the victim's reputation for prostitution. The extent and probative value of the evidence sought to be elicited by appellant is nowhere made apparent in the record. Any conclusion which might be made by this court, or by the trial court, for that matter, as to its alleged materiality to the issue of consent in this case, and the harmfulness, if any, of its exclusion, is therefore a matter of pure conjecture. See, section 90.104, Florida Statutes (erroneous evidentiary ruling excluding evidence may be reversed where substance of evidence excluded is made known by offer of proof or is apparent from question asked); Ehrhardt, Florida Evidence, § 104.3 (2d Ed. 1984); see also, Funkhouser v. State, 51 Md. App. 16, 440 A.2d 1114 (1982) (court declined to test constitutionality of rape shield law where counsel failed to proffer evidence he sought to introduce except the vague comment that it was "about [the victim's] sexual background in New Jersey."); compare, Williams v. State, 547 So.2d 1276 (Fla. 1st DCA 1989) (court declined to grant new trial on basis of juror bias where counsel failed to develop record and demonstrate extent of juror's knowledge and possible bias).
Further, the level of violence against the victim made apparent from the evidence in this case weighs heavily against appellant's contention that the victim's reputation would have any significant bearing on the issue of consent. Holloway v. State, 695 S.W.2d at 117 (trial judge did not abuse his discretion in excluding testimony from two witnesses regarding victim's reputation for being a common prostitute given violent facts of case); State v. Iaukea, 62 Haw. 420, 616 P.2d 219 (1980) (although complainant's prior history of sexual promiscuity might have been admissible on the issue of consent, strong evidence in the case of force destroyed the issue of consent sufficiently to render this evidence of the complainant's sexual history irrelevant).
As to the other issues argued by appellant, we first find no abuse of discretion in the trial court's ruling that appellant failed to make a prima facie showing that the state's peremptory challenge of a juror was racially motivated under Neil v. State, 457 So.2d 481 (Fla. 1984). See Dinkins v. State, 566 So.2d 859 (Fla. 1st DCA 1990); Green v. State, 572 So.2d 543 (Fla. 2d DCA 1990).
We further find no abuse of discretion in the trial court's refusal to allow appellant's counsel to ask the victim how she supported her drug habit, and whether there were any charges against her. As to the latter question, trial counsel never advised the court below that the matter of pending charges was relevant to a showing of bias. See Hernandez v. State, 360 So.2d 39 (Fla. 3d DCA 1978). As to the question relating to how the victim supported her drug habit, this question did not tend to weaken, rebut, or contradict testimony of the victim on direct; its relevance to the issue of consent was tenuous at best; and in any event any error in this ruling was *704 not properly preserved for review because no proffer was made.
Finally, appellant's double jeopardy argument is unavailing, if for no other reason because the sexual battery and the aggravated battery were separate and distinct acts: appellant sexually abused and then beat the victim. See Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990). As to the other points and contentions made by appellant, we find any error to be harmless under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The judgments of conviction and sentences appealed are AFFIRMED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] Section 794.022 provides in pertinent part:

(2) Specific instances of prior consensual sexual activity between the victim and any other person other than the offender shall not be admitted into evidence in a prosecution under s. 794.011. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury or disease; or, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.
(3) Notwithstanding any other provision of law, reputation evidence relating to a victim's prior sexual conduct shall not be admitted into evidence in a prosecution under s. 794.011.
[2] Appellant makes no argument that he should have been permitted to introduce evidence of specific prior consensual activity between the victim and others. It is clear, therefore, that the issue presented in this case is limited to the application of subsection (3) of the statute (see footnote 1, supra).