689 So.2d 1310 (1997)
Brian James KEARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1628.
District Court of Appeal of Florida, Fifth District.
March 27, 1997.
*1311 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Brian James Kearney appeals his conviction and departure sentence for lewd and lascivious assault upon a child.[1] We reverse the conviction based on the three errors asserted by Kearney.
First, the court erred in allowing the expert witnesses to vouch for the credibility of the alleged victim. Their testimony was similar to expert testimony ruled inadmissible in Price v. State, 627 So.2d 64 (Fla. 5th DCA 1993).
Second, the court improperly admitted collateral offense evidence because, assuming without deciding that the two situations involved familial contexts, they are insufficiently similar even under the relaxed standard for admissibility set forth in Heuring v. State, 513 So.2d 122 (Fla.1987). See Feller v. State, 637 So.2d 911 (Fla. 1994); Saffor v. State, 660 So.2d 668 (Fla. 1995). The collateral offense evidence was that Kearney and a girl had had a consensual sexual relationship, including intercourse and vaginal fondling, at his place of business and later in a shed on the premises of his residence. The charged offense was that, at a time when he was the mother's live-in boyfriend, he came upon the alleged victim and fondled her vaginal area.
The child involved in the collateral offense, apparently a runaway or "throwaway" child, was nearly 16 when the incidents involving her occurred, while the alleged victim was prepubescent and not yet eleven years old. Kearney had intercourse with the older girl while the alleged victim did not testify to intercourse. The alleged victim testified that she was asleep or pretending to be asleep at the time of the sexual contact, while the older girl's testimony indicates that she was alert and aware when the sexual activity took place. The older girl was living with her own family when the relationship with Kearney began, and later she was living voluntarily on the grounds of Kearney's residence. The alleged victim was living with her mother and Kearney by virtue of the mother's custody, and was in a much more vulnerable position than the older girl. There was not an "additional showing of similarity" in order for the collateral offense evidence to be admissible. Saffor, 660 So.2d at 671.
Third, we also agree with Kearney that the court erred in failing to admit evidence tending to prove bias or motive on the part of the victim's father, who reported the alleged victim's accusation. The victim's brother would have testified to a statement by the father that once Kearney was out of the way, the family (separated by divorce) would be back together and everyone would be happy again. The court ruled the testimony inadmissible on the ground that it was hearsay, but it was not hearsay because it was not offered to prove that the family would be reunited if Kearney were out of the way. See § 90.801(1)(c), Fla.Stat. (1993).
The main issue in this case was the credibility of the accused and the accuser. We find these errors are not harmless; accordingly, the conviction is reversed and the cause remanded for a new trial. We reverse the sentence without deciding whether it was erroneously imposed.
REVERSED and REMANDED for new trial consistent with this opinion.
PETERSON, C.J., and ANTOON, J., concur.
NOTES
[1] § 800.04(1), Fla.Stat. (1993).