ON MOTION FOR REHEARING GRANTED
PER CURIAM.
The State seeks rehearing of our opinion of March 27, 2002, by which we reversed the convictions of Hector Manuel Alvarez and remanded for a new trial. We grant the State’s motion; withdraw our opinion of March 27; and substitute the following in its place.
Hector Manuel Alvarez appeals from judgments of conviction for numerous counts of sexual battery on a minor. We affirm.
Outside the presence of the jury, the State sought to exclude the statement of Anachaka Perez, a friend of the victim’s, that the victim had stated in a telephone conversation that “her [the victim’s] father was paying her off to say Hector [defendant] was molesting her.” The court ruled that statement inadmissible. That ruling was error. The statement was not hearsay, as it was not offered to prove the truth of its contents. See Kearney v. State, 689 So.2d 1310 (Fla. 5th DCA 1997); see also section 90.801(1)(c), Florida Statutes (1997). See generally Ehrhardt, Florida Evidence § 801.2 (2000 Edition).
However, when defense counsel resumed questioning Perez with the jury present, Perez testified without objection as follows:
Q: Can you tell the court please what you said to [K.P.], what she said to you, what was the conversation?
A: We were just talking about anything and everything, and I asked her if anything was bothering her, and she just mentioned something about her dad, Hector.
Q: What did she mention?
A: That her father was paying her off to say Hector was molesting her.
Q: Did she go into any more detail than that?
A: No, because Matías came back on the line. We were just talking.
Q: Did she ever tell you any other conversation in what way her father had paid her off?
A: Her father gave her a beeper, a call to let Kimberly live by herself. That is what she told me. I never knew if it was true or not.
In short, the testimony that the court excluded was nevertheless admitted without interruption or objection, in effect nullifying the trial court’s prior erroneous ruling.[1]
*1039 We find no merit in defendant’s remaining points on appeal.
AFFIRMED.

. Contrary to counsel’s representation in the initial brief, this testimony was not a mere proffer; it was heard and considered by the jury.