On Rehearing Granted

COPE, C.J.
On consideration of the petitioner’s motion for rehearing, we withdraw our previous unpublished order and substitute the following opinion.
Hector Manuel Alvarez has filed a petition for writ of habeas corpus claiming ineffective assistance of appellate counsel, which we treat as a petition alleging ineffective assistance of appellate counsel. See Fla. R.App. P. 9.141(c). We grant the petition, reverse Alvarez’ convictions, and remand for a new trial.
Alvarez was convicted of sexual battery and lewd assault. He appealed. On March 27, 2002, this court ordered a new trial on the basis that certain impeachment testimony by witness Perez had been erroneously excluded from the jury’s consideration at trial. According to the March 27, 2002 opinion, Ms. Perez’ testimony was proffered in the jury’s absence.
This court stated its rationale for reversal as follows:
The trial court abused its discretion in excluding the statement of Anachaka Perez, a friend of the victim’s. In the jury’s absence, the defense proffered Perez’ testimony. According to Perez, the victim had stated in a telephone conversation that “her [the victim’s] father was paying her off to say Hector [defendant] was molesting her.” The statement was not hearsay, as it was not offered to prove the truth of its contents. See Kearney v. State, 689 So.2d 1310 (Fla. 5th DCA 1997); see also section 90.801(1)(c), Florida Statutes (1997). See generally Ehrhardt, Florida Evidence § 801.2 (2000 Edition).
“If an out-of-court statement is offered for a purpose other than proving the truth of its contents, the statement is admissible only when the purpose for which the statement is being offered is a material issue in the action.” Ehrhardt, Id. In this case, the credibility of the defendant and his accuser were central to the case. Any evidence of the victim’s motive to lie was relevant and admissible, and the exclusion of such evidence cannot be deemed harmless. Kearney, 689 So.2d 1310, 1311. “ ‘[Because liberty is at risk in a criminal case, a defendant is afforded wide latitude to develop the motive behind a witness’ testimony.’ ” Barows v. State, 805 So.2d 120, 122 (Fla. 4th DCA 2002) (citing Auchmuty v. State, 594 So.2d 859, 860 (Fla. 4th DCA 1992)).
*1233 It is not necessary to elicit such testimony only through cross-examination; “when cross-examination alone is not sufficient to expose the possibility of improper motives in a witness, a defendant may present other impeachment testimony to demonstrate bias.” Hair v. State, 428 So.2d [760, 762] (Fla. 3d DCA 1983).
Alvarez v. State, 27 Fla. L. Weekly D697, 2002 WL 460261 (Fla. 3d DCA March 27, 2002) (emphasis added) (“the March 27, 2002 opinion”).
The State moved for rehearing, arguing that the jury had actually heard this testimony. The State said the trial transcript revealed that the proffer — which was testimony by Perez herself — had been conducted in the presence of the jury. The State argued that since the jury heard the relevant impeachment testimony, there should be no reversal for a new trial.
In response to the motion for rehearing, Alvarez’ appellate counsel (who had also been trial counsel) did not dispute the State’s claim that the jury heard this testimony.
This court granted rehearing and issued an opinion affirming Alvarez’ convictions as follows.
Outside the presence of the jury, the State sought to exclude the statement of Anaehaka Perez, a friend of the victim’s, that the victim had stated in a telephone conversation that “her [the victim’s] father was paying her off to say Hector [defendant] was molesting her.” The court ruled that statement inadmissible. That ruling was error. The statement was not hearsay, as it was not offered to prove the truth of its contents. See Kearney v. State, 689 So.2d 1310 (Fla. 5th DCA 1997); see also section 90.801(1)(c), Florida Statutes (1997). See generally Ehrhardt, Florida Evidence § 801.2 (2000 Edition).
However, when defense counsel resumed questioning Perez with the jury present, Perez testified without objection as follows:
Q: Can you tell the court please what you said to [K.P.], what she said to you, what was the conversation?
A: We were just talking about anything and everything, and I asked her if anything was bothering her, and she just mentioned something about her dad, Hector.
Q: What did she mention?
A: That her father was paying her off to say Hector was molesting her.
Q: Did she go into any more detail than that?
A: No, because Matías came back on the line. We were just talking.
Q: Did she ever tell you any other conversation in what way her father had paid her off?
A: Her father gave her a beeper, a call to let Kimberly live by herself. That is what she told me. I never knew if it was true or not.
In short, the testimony that the court excluded was nevertheless admitted without interruption or objection, in effect nullifying the trial court’s prior erroneous ruling. (FN1)
(FN1.) Contrary to counsel’s representation in the initial brief, this testimony was not a mere proffer; it was heard and considered by the jury.
Alvarez v. State, 817 So.2d 1037, 1038 (Fla. 3d DCA 2002).
In 2003 Alvarez filed the present petition. He alleged (among other things) *1234 that appellate counsel was ineffective in failing to ever seek correction of an error in the record: an inaccurate notation in the trial transcript that the jury was present during the contested testimony of Anachka[1] Perez. The State responded by filing the court reporter’s affidavit certifying that after a thorough search of her notes, the transcript was true and correct. By unpublished order, this court denied the petition alleging ineffective assistance of counsel.
Alvarez filed a timely motion for rehearing arguing that “he as well as all courtroom personnel and Perez herself would testify the jury was not present during Perez’s contested testimony.” This court appointed the public defender to represent Alvarez and relinquished jurisdiction for the “trial court to take evidence from the trial participants and determine whether there is any transcription error, as claimed by defendant-appellant Alvarez, in pages 713-15 of the trial transcript.”
This court has now received the resulting stipulated trial court order on relinquishment of jurisdiction which states in part:
2. After conducting an investigation and interviewing the witness, the State of Florida and the Defendant have stipulated in open court that the transcript is in error, and that the jury was not present for that portion of the testimony.
In light of this stipulation, it is clear that Alvarez’ petition is well taken. Former appellate counsel improvidently conceded that the jury was present for witness Perez’ testimony. Certain statements in the disputed segment of transcript were inconsistent with the idea that Perez’ proffered testimony occurred in the presence of the jury, and should have alerted former counsel to the existence of the error. Further, former counsel was also trial counsel, and independently should have had some recollection regarding this part of the trial.
We grant the petition and vacate Alvarez’ convictions. See Marshall v. Crosby, 30 Fla. L. Weekly S399, — So.2d -, 2005 WL 1243417 (Fla. May 26, 2005) (summarizing standards for determining ineffective assistance of appellate counsel). We remand for a new trial for the reasons stated in this court’s March 27, 2002 opinion.
The State has filed a motion to relinquish jurisdiction. The State says that recently witness Perez “has given the State a sworn statement indicating that she has no recollection of the matters proffered to the trial court.” The state argues that “as Anachka Perez has no recollection of those matters, the defense will not be able to present Ms. Perez as a witness at a new trial, and therefore reversal would serve no purpose.” The State requests a relinquishment of jurisdiction to have the trial court take Perez’ testimony to determine what her live testimony would be in the event of a new trial.
We deny the State’s motion. The State has not cited authority for the proposition that this court may decline to correct a harmful trial error on the theory that a witness may be uncooperative or claim lack of memory at the time of the retrial. The only case cited by the State is State v. Robins, 484 So.2d 877 (La.Ct.App.1986). In that case, a Louisiana court allowed a relinquishment of jurisdiction to permit a proffer of evidence which had been exclud *1235 ed. Id. at 880-881. Louisiana counsel had not made a proffer at the time the evidence was excluded.
Florida procedure on this point differs from that of Louisiana. Under the Florida Evidence Code a proffer is to be made in the trial court when the evidence is excluded. See § 90.104(l)(b), Fla. Stat. (1999). The Louisiana case thus addresses a situation which is not applicable here.
• Further, in the present case trial counsel made the proffer by taking the testimony of witness Perez under oath, outside the presence of the jury. Although the parties have not addressed the issue, it appears that this proffer qualifies as former testimony under oath which can be introduced by the defendant under subsection 90.803(22), Florida Statutes. See Charles W. Ehrhardt, Florida Evidence § 808.22 (2005).
Petition granted, convictions vacated, remanded for new trial.

. In this court’s opinion issued in 2002, the witness' first name is shown as Anachaka. In the postconviction pleadings the name is given as Anachka.