WALLACE, Judge.
 

 Nelson Rivera challenges the final order that denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his postconviction motion, Mr. Rivera asserted two claims for relief based on ineffective assistance of counsel. The postconviction court summarily denied both claims. We affirm without comment the postconviction court’s denial of claim one, but we reverse the postconviction court’s denial of claim two and remand for further proceedings.
 

 Mr. Rivera pleaded nolo contendere to unlawful sexual activity with a minor, a violation of section 794.05(1), Florida Statutes (2002). After his plea hearing but before his scheduled sentencing hearing, Mr. Rivera was arrested on an outstanding warrant from Pennsylvania for a crime that allegedly occurred a month before his plea hearing. Mr. Rivera was adjudicated guilty of unlawful sexual activity with a minor and sentenced to ten years’ imprisonment.
 

 In claim two, Mr. Rivera alleged that his trial counsel provided ineffective assistance
 
 *1159
 
 because counsel did not present mitigating evidence during his sentencing hearing. Mr. Rivera’s claim addressed two kinds of mitigating evidence: (1) the minor victim’s willing participation in the sexual activity and (2) the circumstances of his arrest between the time of the plea hearing and the scheduled sentencing hearing. In response to Mr. Rivera’s claim, the State acknowledged that Mr. Rivera’s trial counsel could have presented evidence of the victim’s consent to the sexual activity for mitigation purposes.
 
 [1]
 
 In addition, the State conceded that an evidentiary hearing was necessary as to claim two because the court reporter present at Mr. Rivera’s sentencing hearing subsequently moved to Mississippi and, as a result of Hurricane Katrina, lost all of the records of Mr. Rivera’s sentencing hearing.
 

 Nevertheless, the postconviction court denied claim two as it relates to counsel’s alleged failure to present evidence that the victim had consented to the sexual activity, finding that the record conclusively refuted Mr. Rivera’s claim. The postconviction court noted that Mr. Rivera mentioned during the plea hearing that the victim had lied about her age, but “the [c]ourt was never considering a downward departure and once [Mr. Rivera] was arrested on unrelated charges while awaiting sentencing, ‘all deals were off.’ ” However, the transcript of the plea hearing does not conclusively indicate that the circuit court would not have considered a downward departure. In fact, sentencing issues were not discussed. The transcript of the plea hearing also indicates that Mr. Rivera entered an open plea and that no plea agreement or negotiated sentence existed. Thus the record attachments are insufficient to conclusively refute Mr. Rivera’s claim.
 

 Accordingly, we reverse the order summarily denying Mr. Rivera’s motion and remand for the postconviction court to reconsider this claim. Unless the record conclusively refutes Mr. Rivera’s claim, the postconviction court shall conduct an evi-dentiary hearing. If the postconviction court again summarily denies Mr. Rivera’s claim, it must attach portions of the record that conclusively refute this claim.
 
 See Chandler v. State,
 
 843 So.2d 1046, 1047 (Fla. 2d DCA 2003).
 

 We note that the postconviction court did not rule on Mr. Rivera’s claim that his trial counsel was ineffective for failing to explain the circumstances of his arrest. Therefore, we also remand this case to allow the postconviction court to address this issue that was not the subject of a ruling.
 
 See Calzada v. State,
 
 934 So.2d 541, 542 (Fla. 3d DCA 2006).
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 CASANUEVA and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In his postconviction motion, Mr. Rivera did not allege directly that the victim had consented to the sexual activity. Instead, he claimed that she “had lied about her age leading [Mr. Rivera] to believe that he was not committing a criminal act.” In its response to the postconviction motion, the State reasonably interpreted Mr. Rivera's allegation as a claim that the victim was a willing participant in the sexual activity. The trial court could have considered evidence that the victim was a willing participant in the sexual activity for mitigation purposes in accordance with
 
 State
 
 v.
 
 Rife,
 
 789 So.2d 288 (Fla.2001). Of course, neither the victim’s misrepresentation of her age nor Mr. Rivera's bona fide belief that she was at least eighteen years of age would have been a defense to the crime with which he was charged. § 794.021;
 
 see Feliciano v. State,
 
 937 So.2d 818, 819 (Fla. 1st DCA 2006);
 
 Hodge v. State,
 
 866 So.2d 1270, 1272-73 (Fla. 4th DCA 2004).