PER CURIAM.
 

 Keith Pressey filed a rule 3.850 motion seeking postconviction relief. The trial judge denied the motion without ordering a response from the state or attaching records to refute the claims. Also, the court did not state any reason for the denial in its order. ‘When a trial court denies a rule 3.850 motion without an evi-dentiary hearing, it must ‘either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.’ ”
 
 Smith v. State,
 
 956 So.2d 1266, 1267 (Fla. 4th DCA 2007) (quoting
 
 Anderson v. State,
 
 627 So.2d 1170, 1171 (Fla.1993)).
 

 The trial court’s order in this case does neither. However, review of Pres-sey’s motion reveals that his allegations are deficient with respect to his claim that counsel was ineffective during the sentencing hearing.
 
 See generally Ferrell v. State,
 
 918 So.2d 163, 172 (Fla.2005);
 
 Rivera v. State,
 
 1 So.3d 1158 (Fla. '2d DCA 2009). Consequently, the trial court’s summary denial should have been without prejudice to Pressey’s right to file an amended motion.
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). Therefore, we reverse the summary denial of Pressey’s claim and remand for the circuit court to grant him leave to amend his motion. Thereafter, the trial court should proceed in accordance with Florida Rule of Criminal Procedure 3.850(d).
 

 WARNER, POLEN and HAZOURI, JJ., concur.