PER CURIAM.
Curtis James Harrell appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We agree with the trial court that the majority of Harrell’s claims are conclusively refuted by the record. However, as a portion of Harrell’s second claim was not refuted by the record, we reverse as to that issue only.
In 2008, following a jury trial, Harrell was found guilty of two counts of sexual battery with a deadly weapon or physical force, one count of burglary of a dwelling with an assault or battery, and one count of false imprisonment with a weapon. Harrell had known the victim for a number of years, and maintains that he and the victim had a consensual sexual encounter on the night in question. In his second claim, Harrell alleged that his trial counsel was ineffective for failing to call witness Kenneth Campbell to testify at trial. According to Harrell’s allegations, Campbell was available for trial and would have testified that the victim was a known prostitute who routinely traded sex for drugs or money with Harrell and other men, and that the victim admitted to him that she had falsely accused Harrell of rape because he “refused to give her more drugs and money when she asked for it.” Harrell also alleged that Campbell would have testified that when he told the victim that what she was doing was wrong, she responded that Harrell “should not have tried to play her.”
The trial court concluded that Harrell’s counsel was not ineffective for failing to call Campbell to testify that the victim was a known prostitute because this testimony would not have been admissible, citing to Esteban v. State, 967 So.2d 1095 (Fla. 4th DCA 2007). However, as recognized in Esteban, evidence that the victim was a prostitute may be admissible if it is offered to show the victim consented to sex with the defendant. Id; see also Robinson v. State, 575 So.2d 699, 702 (Fla. 1st DCA 1991) (“evidence of prostitution may well have a bearing on the issue of consent where the defendant’s defense is that the sexual encounter which he had with the victim was in connection with an act of *1148 prostitution”). The showing that a defendant must make before admission of evidence of prostitution in this context is explained in both Esteban and Robinson, and the record attachments to the trial court’s order in this case do not demonstrate that Campbell’s testimony would have been inadmissible.
Additionally, the trial court did not address Harrell’s claim that Campbell would have testified to admissions made by the victim that her testimony in this case was false, and explaining her motive to lie. On appeal, the State dismisses these statements as inadmissible hearsay. However, it appears based upon this limited record that the testimony would be non-hearsay and admissible to show bias under section 90.608(2), Florida Statutes. See, e.g., Kearney v. State, 689 So.2d 1310 (Fla. 5th DCA 1997) (finding testimony that victim’s father made a statement that once defendant was out of the way the family would be back together and happy again was not hearsay and would have shown bias or motive on the part of the victim’s father); Alvarez v. State, 817 So.2d 1037 (Fla. 3d DCA 2002) (finding testimony of victim’s friend that victim stated “[the victim’s] father was paying her off to say [defendant] was molesting her” was not hearsay because it was not offered to prove the truth of its contents).
Accordingly, we reverse as to these aspects of Harrell’s second claim, and affirm the summary denial order in all other respects. We remand for additional proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
TORPY, LAWSON and BERGER, JJ., concur.