PER CURIAM.
Armando Caballero (Defendant) appeals an order summarily denying his Rule 3.850 motion and the order denying his motion for rehearing. Defendant chai- *370 lenged the summary denial of his motion on several grounds, but we reverse based only on Grounds Four and Seven: that trial counsel was ineffective in failing to call a witness at trial to testify regarding the victim’s statements and in failing to investigate and present mitigating evidence at Defendant’s sentencing. We affirm as to the other grounds raised by Defendant without further discussion.
Defendant was charged with four counts of sexual battery by a person in familial or custodial authority committed between March 1,1998, and June 30,1999; and two counts of indecent assault completed by December 18, 1998. The victim was Defendant’s daughter, who was born in December 1982, and with whom he had no contact from the time she was an infant until she was twelve years old. When she was thirteen, the daughter spent the summer of 1996 visiting Defendant in New York, where he and his wife resided. The relationship between Defendant and his daughter became a “boyfriend/girlfriend” relationship, and she became pregnant. When she visited Defendant again in December 1996, her mother agreed to let her remain in New York during the pregnancy. She gave birth to a baby girl in May 1997, but hid from her mother the true identity of the baby’s father.
The charges at issue relate to events that allegedly occurred in Florida in 1998 and 1999. In January 1998, the victim and her baby moved back to Florida to live with the victim’s mother. Defendant followed in March 1998, sleeping in the bedroom that his daughter shared with the baby, and allegedly continuing to have sexual contact with her. In June 1999, Defendant and his daughter moved into their own apartment, where they had sexual contact almost every day. Later, the daughter returned home to live with her mother. During an argument between the two women in November 1999, the daughter told her mother that Defendant was the baby’s father. Her mother immediately called the police, and a paternity test indicated there was a 99.994% chance that Defendant was the baby’s father.
Evidence of Defendant’s acts of molestation in New York before the charged acts in Florida was admitted at Defendant’s jury trial. The trial court overruled his objection to this evidence after concluding that it was inextricably intertwined. Defendant was found guilty of all counts as charged and sentenced immediately after trial to 844.75 months (70.4 years) on each count, to be served concurrently. His sentence was at the top of his scoresheet range; the bottom was 506.85 months, or 42.24 years.
In the fourth ground of his Rule 3.850 motion, Defendant claimed his trial counsel was ineffective for failing to call his common law wife, Mayda Velazquez, as a defense witness at trial. He had told counsel she would testify that after Defendant’s arrest, the victim disclosed to her that Defendant had not had any type of sexual contact with the victim since they were in New York, but she had been pressured by her mother to make the statements against him because he had broken off his relationship with her mother after the victim found him and her mother involved in a sexual act. Counsel told Defendant he would call Velazquez, but failed to do so. Velazquez attended the trial every day, waiting to testify. Before the trial ended she approached counsel, who informed her Defendant would be acquitted with the admission into evidence of the New York birth certifícate. But counsel did not call Velazquez to testify or introduce the birth certificate into evidence. According to Defendant, if the jury had heard Velazquez testify that the victim said she and Defendant had not had any *371 sexual relations in Florida and that she was pressured to make false allegations, there was a reasonable probability of a different verdict.
The state argued in its response that the proposed testimony would have been mere hearsay, so the witness could not have been called. Second, the witness did speak at Defendant’s sentencing and never said anything then about what the victim told her. Finally, before the defense rested, Defendant was asked whether he was satisfied with counsel’s services, and Defendant said he was, rather than saying he was not satisfied because he wanted counsel to call Velazquez as a witness.
In his motion for rehearing, Defendant argued that characterizing Velazquez’s proposed testimony as hearsay did not negate its admissibility, citing Alvarez v. State, 817 So.2d 1037 (Fla. 3d DCA 2002). In that case, the defendant was convicted of numerous counts of sexual battery on a minor. The trial court excluded, as hearsay, the victim’s friend’s statement that the victim told her that her (the victim’s) father was paying her off to say the defendant was molesting her. The appellate court concluded, “That ruling was error. The statement was not hearsay, as it was not offered to prove the truth of its contents.” Id. at 1038 (citing, inter alia, § 90.801(l)(c), Fla. Stat. (1997) (“ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”) (emphasis added); and Ehrhardt, Florida Evidence § 801.2 (2000 ed.)).
The current edition of the same treatise contains the following pertinent statement: “Prior inconsistent statements offered to impeach the credibility of a witness are not hearsay because they are not offered to prove the truth of the prior statement but rather that the witness has made two inconsistent statements and therefore should not be believed.” EhRhardt, Florida Evidence § 801.4 (2013 ed.) (emphasis added).
In his brief, Defendant points out that his motion contained all the necessary elements to make this ground sufficient — the witness’ identity, the substance of the testimony, the availability of the witness, and how the omission prejudiced the outcome of the trial. He argues that Velazquez’s testimony was crucial to his defense; without it, the state’s version of the events went unrefuted. He never denied engaging in illegal acts with the victim in the past, but contended he never did such acts in Florida. He attaches Velazquez’s February 8, 2013 affidavit, which corroborates his allegations.[1]
In its response to this court’s order to show cause, the state agrees that Defendant satisfied all the requirements for a claim of ineffective assistance of counsel for failing to call a witness, Nelson v. State, 875 So.2d 579, 582 (Fla.2004). Nevertheless, the state continues to argue Defendant is not entitled to relief — for the same reasons that the state argued below, including that the proposed testimony would have been excluded as hearsay. We conclude, however, that this fourth ground *372 is sufficient, reverse the summary denial, and remand for further proceedings.
Defendant’s seventh ground was ineffective assistance of counsel in failing to discover mitigating evidence which could have been presented at his sentencing. This evidence concerned his extensive childhood abuse, mental illness in him and his family, a history of depression and homelessness during the fifteen years he lived in New York, physical and sexual abuse he suffered in foster homes in Cuba from seven to twelve years of age when his mother was incarcerated, extreme poverty, alcoholic parents, and brutal beatings and torture when he was arrested as a child. Defendant contends that had the trial court heard this evidence, there was a reasonable probability that the trial court would have given him a sentence below the maximum. Defense counsel, however, encouraged the court to sentence Defendant immediately after trial without any preparation for sentencing. Defendant argues that counsel should have made at least a minimal effort to discover available mitigating evidence.
In its response, the state argued that there was no evidence that Defendant had told counsel about his history so that counsel would conduct an investigation; therefore, counsel could not reasonably be expected to present such evidence at the sentencing hearing.
In his motion for rehearing, Defendant argued he should have had an opportunity to amend under Spera v. State, 971 So.2d 754 (Fla.2007), as the failure to investigate mitigating evidence for sentencing constitutes a sufficient claim. Morton v. State, 995 So.2d 233 (Fla.2008) (finding investigation was not deficient); Hildwin v. Dugger, 654 So.2d 107, 110 (Fla.1995) (agreeing trial court erred in concluding defendant was not prejudiced by counsel’s failure to investigate and present additional mitigating evidence at sentencing, depriving defendant of reliable penalty phase hearing).
On appeal, Defendant now contends counsel was aware of mitigation evidence that could have helped him, but chose not to present it. Defendant told him all about his childhood of physical and sexual abuse, but counsel never provided an expert to examine or interview him. As noted, failure to present available mitigating evidence at a sentencing hearing can be a sufficient postconviction claim. E.g., Rivera v. State, 1 So.3d 1158 (Fla. 2d DCA 2009) (reversing summary denial of claim that counsel failed to present mitigating evidence that victim consented to sexual activity, and circumstances of defendant’s arrest between plea and sentencing hearings); c.f. Lightbourne v. State, 471 So.2d 27 (Fla.1985) (affirming denial of rule 3.850 motion, inter alia finding trial counsel was not ineffective for failing to present mitigating evidence at sentencing because record reflected sentencing judge was aware of many mitigating factors and other factors were merely cumulative). The state did not attach a transcript showing what defense counsel argued at sentencing. In his initial brief, Defendant showed he could allege, if given an opportunity to amend, that counsel was aware of mitigation evidence.
We reverse the summary denial of this ground and direct the trial court on remand to strike it as legally insufficient and allow Defendant sixty days in which to amend. Fla. R. Crim. P. 3.850(e), (f)(3).

Affirmed in part; Reversed in part and Remanded.

DAMOORGIAN, C.J., TAYLOR and GERBER, JJ., concur.

. In the affidavit, Velazquez stated the following:
I was a common law wife of Armando Caballero the Defendant at the time of his jury trial on January 23-25 of 2006. I also had a friendly relationship with the victim in this case ... who confided to me that Armando did not have any type of sexual contact with her since they left New York. Armando’s attorney Mr. O’Connell was aware of that and I was willing and aviable [sic] to testify. I showed up every day of Armando’s trial but his attorney never called me as a witness. I was only called as a mitigation witness to ask for mercy at Armando’s sentencing after trial finished.