DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARMANDO CABALLERO,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D20-1954

[December 2, 2020]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 01-009967CF10A.

Armando Caballero, Chipley, pro se.

No appearance for respondent.

PER CURIAM.

Aramando Caballero petitions this court for a writ of habeas corpus, alleging he is illegally incarcerated based on faulty DNA evidence. This is not the proper use of the great writ of habeas corpus, and his claim should have been brought upon Florida Rule of Criminal Procedure 3.853. But in any event, the claim is meritless. Since many incarcerated defendants raise the same claim, we explain why it lacks merit.

Petitioner was convicted in 2006 of multiple counts of sexual battery. The facts of the underlying case are laid out in this court's opinion in *Caballero v. State,* 132 So. 3d 369, 370 (Fla. 4th DCA 2014). Because the sexual battery resulted in the birth of a child, the State used two paternity tests to show that he was the father of the victim's child, thus proving sexual intercourse with the victim. A DNA expert testified and gave an undisputed opinion that the defendant was the father.

In 2016, the State mailed the defendant a *Brady*[1] notice, informing him that the Broward Sheriff's Office Crime Lab inappropriately used

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963).

Combined Probability of Inclusion (CPI) to calculate statistical probabilities in complex mixture DNA cases. The notice stated that the inaccuracies *may* have affected the defendant's case, but only if CPI calculations were used. A complex mixture is one that contains more than two contributors. Most DNA analysis involves samples from either a single individual or a simple mixture of two individuals. *See* Exec. Office of the President, President's Council of Advisors on Sci. & Tech., Report to the President, Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods (2016).

The defendant then filed the instant habeas petition, alleging he is illegally incarcerated because DNA evidence used to convict him was faulty. The defendant has not established, however, that the DNA evidence was faulty, nor does the State's notice constitute newly discovered evidence. The errors identified in the *Brady* notice apply only where the CPI was used to analyze complex mixtures of DNA. The paternity tests do not involve CPI, as they used DNA from only two persons – the petitioner and the victim.

In order to prevail on a claim that the 2016 notice provided newly discovered evidence, a defendant would have to show that the CPI applied to the DNA evidence in the defendant's case. The petitioner here did not make that showing.

*Petition denied.*

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

2